Filed 2/29/16  P. v. Mighty CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KINSLEY ISAIAH MIGHTY,<br><br>    Defendant and Appellant. | B263962<br><br>(Los Angeles County<br>Super. Ct. No. SA086407) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lauren Weis Birnstein, Judge.  Affirmed as modified.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On July 29 and October 14, 2013, appellant Kinsley Isaiah Mighty and his companions stole several packages designated for shipping from Box City in Culver City. The second theft was accomplished at gunpoint, and both thefts violated appellant's probation from convictions in three prior cases.

At trial, appellant admitted to taking the packages but contended he had permission from their owner to do so. The owner was shipping marijuana through Box City, and in July had instructed appellant to retrieve the shipment because it was to be repackaged, and in October because the employees at Box City might have tampered with it.

Appellant was convicted of second degree burglary (Pen. Code, § 459), robbery, and attempted robbery (Pen. Code, §§ 211, 664), and was found to have committed the attempted robbery and robbery in league with a principal who used a firearm (Pen. Code, § 12022, subd. (a)(1)). The court revoked his probation and sentenced appellant to 6 years and 4 months on the theft counts and 1 year and 4 months for the weapons charges, for a total prison term of 7 years 8 months. (He was also sentenced to two years on one of the prior cases, concurrent, but was credited with two years served in that case.) Appellant was awarded 451 days actual custody credit and 67 days good time/work time credit. He was assessed a $30 criminal convictions assessment (Gov. Code, § 70373) and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)). A $280 restitution fine was imposed (Pen. Code, § 1202.4, subd. (b)), and a $280 mandatory supervision restitution fine (Pen. Code, § 1202.45) was assessed but suspended.

Appellant filed a timely appeal. We appointed counsel to represent him on appeal, but after examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. On September 23, 2015, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-

110 and *People v. Wende* (1979) 25 Cal.3d 436, 441.  The record fails to demonstrate any colorable issue exists on appeal.

## DISPOSITION

The judgment is modified to reflect firearm sentence enhancements under subdivision (a) of Penal Code section 12022 were imposed as to counts 8 and 7, not 1 and 7.  In all other respects the judgment is affirmed.  The superior court is directed to prepare an amended abstract of judgment to reflect the judgment as modified and forward a copy of it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.